829 P.2d 1215

**In the Matter of Charles G. TATHAM,
a Member of the State Bar of
Arizona, Respondent.**

**Comm. No. 90–0138.**

Supreme Court of Arizona.

April 20, 1992.

Michael E. Bradford, Phoenix, for respondent.

Jeremy E. Butler, Bar Counsel, Phoenix.

Harriet L. Turney, Chief Bar Counsel, Phoenix.

JUDGMENT OF CENSURE

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. CHARLES G. TATHAM, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

2. Respondent shall pay to the State Bar of Arizona costs and expenses incurred in this matter in the sum of $462.00 with interest at the legal rate, within thirty days from the date hereof as provided by law.

EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION OF THE
SUPREME COURT OF ARIZONA

In the Matter of CHARLES G. TATHAM,
a Member of the State Bar of
Arizona, RESPONDENT.

Comm. No. 90–0138

March 20, 1992

DISCIPLINARY COMMISSION REPORT

This matter came before the Disciplinary Commission of the Supreme Court of Ari-

zona on February 8, 1992. Oral argument having been waived by stipulation, the Commission reviewed the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure.

*Decision*

After review of the record on appeal, the Commission, by a unanimous vote of seven aye,[1] adopts the committee's recommendation that the agreement for discipline providing for censure be accepted, and so orders. The Commission also unanimously adopts the committee's findings of fact and conclusions of law.

*Facts*

In addition to being a member of the State Bar in August 1989, Respondent was a licensed optometrist in Arizona. In order to maintain his license as an optometrist, Respondent had to satisfy a professional education requirement, to be documented every two years. In August 1989, Respondent submitted documentation claiming credit for certain education hours, without having any justifiable belief in the accuracy of such information.

In September 1989, Respondent appeared before the State Optometry Board. On his own initiative, Respondent admitted that, although he had attended the seminar in question, he had no documentation to support his attendance. He, therefore, withdrew his request for the credit hours he had claimed, and conceded that his optometry license was void. Respondent has acknowledged that he must complete thirty-two hours of continuing education before he can reapply for an optometry license.

*Discussion of Decision*

In the agreement for discipline by consent, Respondent admits to all of the above-stated facts. In fact, Respondent further admits that he should have known that the documents he submitted were in-

---

1. Commissioners Bonwell, Hoffman, and Swick were not present. Former Commissioner Rich-

ard Salvatierra participated in the proceedings as an ad hoc public member.

correct. The hearing committee, in recommending acceptance of the agreement for discipline by consent, found that Respondent's conduct violated ER 3.3(a)(1) when he knowingly submitted false information to the State Optometry Board. Because Respondent's conduct involved dishonesty and deceit, it also violated ER 8.4(c). The Commission agrees.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the supreme court. *In re Rivkind*, 164 Ariz. 154, 791 Ariz. 1037, 1040 (1990).

Standard 5.1 addresses the issue at hand; that is, a lawyer's failure to maintain personal integrity. Standard 5.13 provides for reprimand (censure in Arizona) when a lawyer knowingly engages in any conduct (other than criminal) that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law. Respondent has admitted that the documents he submitted to the Optometry Board were not accurate. He also admits that, although he may not have submitted the false documents knowingly, he should have known that they were incorrect; the submission of invalid documents was due to negligence on his part. The dishonesty and negligence exhibited here, albeit outside of his legal practice, are contrary to values that are fundamental to the legal profession.

The Commission and committee also considered the applicable factors in mitigation, as listed in Standard 9.32. Respondent has exhibited remorse for his conduct, and has been practicing law for nearly twenty years, with no prior disciplinary history. Further, Respondent's misconduct did not involve either the practice of law or any injury to the public; both the committee and Commission also considered these as mitigating factors.

No aggravating factors were found.

While Respondent's conduct did not arise out of Respondent's practice of law, the dishonesty involved relates directly to his practice of law and its intrinsic ethical standards. Therefore, imposing discipline in this matter is appropriate; it will serve the purpose of lawyer discipline, which is to protect the public, the profession, and the administration of justice. *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988). The Commission agrees with Respondent, the State Bar, and the committee that censure is the appropriate sanction in this instance. The Commission therefore, orders that Respondent be publicly censured.

DONE at Yuma, Arizona, on March 18, 1992.

/s/Larry W. Suciu
Larry. W. Suciu
Chairman

Copies of the foregoing were delivered by U.S. Mail this 23rd day of March, 1992, to:

Charles G. Tatham, Respondent
4041 East Thomas, Suite 200
Phoenix, Arizona 85018–7513

Michael E. Bradford, Respondent's Counsel
4500 North 32nd Street, Suite 201
Phoenix, Arizona 85018

Jeremy E. Butler, Bar Counsel
40 North Central
Phoenix, Arizona 85004–4429

Douglas W. Seitz, Acting Chair
Hearing Committee 8A
3100 Valley Bank Center
Phoenix, Arizona 85073–3100

Seid Waddell, Member
Hearing Committee 8A
11444 South 51st Street
Phoenix, Arizona 85044–1710

David M. Talamante, Temporary Member
Hearing Committee 8A
802 North Third Avenue
Phoenix, Arizona 85003–2184

ROSEMARY B. MARTIN
Disciplinary Clerk
By: /s/E.A. Deering
E.A. Deering
Commission Secretary